IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
CIVIL ACTION DIVISION

| | |
|---|---|
| **DAVID PASTUSZEK AND BRENDA PASTUSZEK, H/W,** | |
| Plaintiffs, | Civil Action No. 4:14-CV-01051-MEM |
| v. | |
| **ELECTROLUX HOME PRODUCTS, INC. AND ELECTROLUX NORTH AMERICA,** | THE HONORABLE MALACHY E. MANNION |
| Defendants. | ELECTRONICALLY FILED |

**DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE
EVIDENCE, TESTIMONY, AND REFERENCE AT TRIAL
TO PLAINTIFFS' EXPERT MICHAEL K. NAPIER, SR.**

Defendants hereby move this Honorable Court as follows:

1. Federal Rule of Evidence 702 governs the admissibility of expert testimony.

2.     That rule establishes three distinct requirements for the admissibility of expert testimony: (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case. Fed. R. Evid. 702; see also, Daubert v. Merrell Dow Pharms., 509 U.S. 579, 589-92, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993). ).

3.     As gatekeeper, the trial judge has an obligation to exclude unreliable testimony. Daubert, 509 U.S. at 589.

4.     "Expert testimony must be based upon a proper factual foundation." Knepp v. United Stone Veneer, LLC, 2009 WL 702929, 2 (M.D.Pa.)(slip copy); citing Stecyk v. Bell Helicopter Textron, Inc., 295 F.3d 408, 414 (3d Cir. 2002).

5.     "If an expert's testimony is unsupported by a sufficient factual foundation it significantly increases the risk of misleading the jury and confusing the issues of the case." Id.

6.     Although relevant evidence is generally admissible, F.R.E. 403 "permits the exclusion of relevant evidence 'if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Daubert at 595.

7. "Whether a witness is qualified as an expert can only be determined by comparing the area in which the witness has superior knowledge, skill, experience, or education with the subject matter of the witness's testimony. See, Torbit, supra (quoting Carroll v. Otis Elevator Co. 896 F.2d. 210, 212 (7th Cir. 1990)).

8. "In other words, the specialized knowledge must be relevant to the area of inquiry." See, Fedor v. Freightliner, Inc., 193 F.Supp.2d 820 (E.D.Pa. 2002).

9. Plaintiffs advance the report of Michael Napier, Sr. as a liability expert to opine on Commercial Motor Vehicle industry standards, as well as those standards imposed under Federal law pursuant to the Federal Motor Carrier Safety Act and corresponding regulations. Napier prepared his report following the review of the Plaintiff's Complaint, deposition testimony of the Plaintiff and Richard L. Hostetler, amongst others, as well as photographs of the subject trailer, and the applicable bill of lading.

10. In his report, Napier makes several unsubstantiated conclusions:

> (1) …Electrolux, as the shipper, failed to ensure all of the cargo in the involved trailer was properly contained, immobilized or secured to prevent shifting upon or within the vehicle to ensure the safety of individuals who are called upon to unload the freight, which in this matter was Pastuszek…

(2) …Electrolux does not use cargo securement devices in their trailers, but instead relies on a method by which the loads are "locked in" using only the other cargo items to secure all of the items. Notwithstanding the industry standard to use load securement devices to protect against cargo shifting or falling, Electrolux made the decision not to use these securement devices…

(3) …Because this container was a sealed load there was no practical way for Pastuszek to inspect the load or watch the loading process prior to transporting the load, which relieves Pastuszek from the responsibility that all cargo in the trailer is properly secured to prevent shifting upon or within the vehicle… The mere fact that the cargo fell is an indicator that the load in question was not properly secured and was not loaded according to industry standards and Electrolux's own policies concerning the loading and securement of cargo.

11. The FMCSR provides regulations regarding the securement of cargo.  See, 49 CFR 393.100, et. seq.

12. Napier's report fails to identify what the "locked in" method is, what the "industry standard" is, and how the "locked in" method is in any way deficient from that "standard." Such an assertion, without explanation, offers little use to the jury.

13. The FMCSR further provides regulations governing the driver's duty to examine the load being transported. See, 49 CFR 392, et. seq.

14. Napier opined that the trailer the Plaintiff transported was a "sealed" load and that "[s]hippers of sealed trailers are responsible to

4

properly load, distribute, secure and inspect the cargo in the trailer prior to the trailer being ready for transport."

15.   Napier is most concerned on imposing a subjective opinion as to what role shippers have in highway safety, rather than acknowledging the regulatory duty incumbent upon drivers to inspect that the load being transported is safe. Such an opinion is devoid of scientific analysis and as a subjective opinion, requires disqualification.  See, Daubert (on remand) 43 F.3d 1311, 1319 (9th Cir.) cert. denied, 516 U.S. 869 (1995).

16.   Napier's report fails to indicate that Plaintiff's supervisor testified that most of the drivers would inspect the load to determine whether they (the drivers) wanted to secure the load with their load straps. In fact, Napier's report indicates just the opposite – that a pre-delivery was an impossibility due to the fact that Napier defined the load as "sealed."

17.   Napier's premise that the load Plaintiff drove on August 27, 2013 was sealed, such that the Plaintiff was deprived of access to make an inspection, and was permissibly excused from his required inspection under law via §392.9(b)(4), is patently false.

18.   That, however, was not the end of the Plaintiff's opportunity to inspect the subject load.  Plaintiff also had the opportunity to inspect the load in the course of transit, as required by §§392.9(b)(2) and (3). Since this

required removal of the seal attached at the guard shack, Plaintiff was provided with additional J.B. Hunt seals, which would be attached, particularly during the course of a multiple-stop delivery.

19. In this instance, as the trial court is the gatekeeper of evidence and is required to exclude unreliable testimony, Napier's proposed testimony as to whether the subject load was sealed, absolving the Plaintiff of any duty to inspect it, should be excluded. As such, the entirety of Napier's report, opinion, evidence, and testimony should be excluded from the trial of this matter.

## LR 7.1 CERTIFICATION

20. Pursuant to Middle District Local Rule 7.1, the undersigned hereby certifies that the concurrence of Plaintiffs' counsel was sought and that it was not given.

WHEREFORE, Defendants Electrolux Home Products, Inc. and Electrolux North America respectfully request that this Honorable Court exclude the report, opinion, evidence, and testimony of Michael K. Napier, Sr. from the trial of this matter.

                                Respectfully submitted,

                                **DICKIE, McCAMEY & CHILCOTE, P.C.**

Date: May 13, 2016                By: */s/ Christine L. Line*
                                          Frederick W. Bode, III, Esquire
                                          Attorney I.D. No. 33391
                                          Bryon R. Kaster, Esquire
                                          Attorney I.D. No. 91707
                                          Christine L. Line, Esquire
                                          Attorney I.D. No. 93257
                                          Plaza 21, Suite 302
                                          425 North 21st Street
                                          Camp Hill, PA  17011-2223
                                          717-731-4800
                                          *Attorney for Defendants, Electrolux Home Products, Inc. and Electrolux North America*

# **CERTIFICATE OF SERVICE**

AND NOW, May 13, 2016, I, Christine L. Line, Esquire, hereby certify that I did serve a true and correct copy of the foregoing **Defendants' Motion *In Limine* To Exclude Evidence, Testimony, And Reference At Trial To Plaintiffs' Expert Michael Napier, Sr.** upon all counsel of record by Electronic Filing as follows:

> Richard Jurewicz, Esquire
> rjurewicz@galfandberger.com
> GALFAND BERGER, LLP
> 1835 Market Street, Suite 2710
> Philadelphia, PA 19103
> (Plaintiff's Counsel)


Date: May 13, 2016               By:     /s/ Christine L. Line, Esquire


This document has also been electronically filed and is available for viewing and downloading from the ECF system.