IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
CIVIL ACTION DIVISION

| | |
|---|---|
| DAVID PASTUSZEK AND BRENDA PASTUSZEK, H/W, | |
| Plaintiffs, | Civil Action No. 4:14-CV-01051-MEM |
| v. | |
| ELECTROLUX HOME PRODUCTS, INC. AND ELECTROLUX NORTH AMERICA, | THE HONORABLE MALACHY E. MANNION |
| Defendants. | ELECTRONICALLY FILED |

**DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE EVIDENCE, TESTIMONY, AND REFERENCE AT TRIAL TO THE CLOSURE OF THE ELECTROLUX REGIONAL DISTRIBUTION CENTER**

Defendants hereby move this Honorable Court as follows:

1.  Federal Rule of Evidence 401 provides that "Evidence is relevant if (a) it has a tendency to make a fact more or less probable than it would be

without the evidence; and (b) the fact is of consequence in determining the action." F.R.E. 401.

2. Generally, only relevant evidence is admissible. See, F.R.E. 402.

3. Rule 403 permits a court to exclude relevant evidence if the probative value of the evidence is "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Forest v. Beliot Corp., 424 F.3d 344, 355 (3d Cir. 2005)(quoting Fed. R. Evid. 403).

4. It is anticipated that at the trial of this matter Plaintiffs will attempt to introduce into evidence that the Electrolux Regional Distribution Center (hereinafter "RDC") closed in May of 2014, nine months after the Plaintiff's alleged incident.

5. The determination of whether relevant evidence should be excluded is dependent upon a cost/benefit analysis. Forest, 424 F.3d at 355.

6. The Third Circuit recognizes that "there is a strong presumption that relevant evidence should be admitted;" therefore, the exclusion of relevant of evidence is only justified if the probative value of that evidence is "'substantially outweighed' by the problems in admitting it." Coleman v. Home Depot, Inc., 306 F.3d 1333, 1343-44 (3d Cir. 2002).

7. Importantly, evidence of the RDC's closure is not relevant for the Plaintiffs' purpose of showing negligence or the existence and/or extent of Plaintiff's injuries.

8. Further, the closure of the Electrolux RDC nine months after Plaintiff's incident is irrelevant with respect to whether the Plaintiff's trailer was properly loaded.

9. Admitting such evidence would also serve to confuse and mislead the jury.

10. Even if this Court determines that this evidence is relevant, the probative value of that evidence is substantially outweighed by the danger of unfair prejudice to the Defendant.

11. Plaintiff's use of this evidence is likely to unfairly prejudice the Defendant because it creates the danger that the jury will make inaccurate and unsupported assumptions about Defendant's negligence.

12. Notably, Plaintiffs' expert witnesses do not opine on any relationship or correlation between the Plaintiff's injury and the closure of the RDC.

13. Admitting evidence regarding the closure of the RDC will create danger of unfair prejudice, confuse, and mislead the jury with respect to the Plaintiff's allegations of negligence.

14. Therefore, any evidence regarding the closure of the Electrolux RDC following Plaintiff's incident should be excluded because the probative value of that evidence is substantially outweighed by the problems with admitting it.

### **LR 7.1 CERTIFICATION**

15. Pursuant to Middle District Local Rule 7.1, the undersigned hereby certifies that the concurrence of Plaintiffs' counsel was sought and that it was not given.

WHEREFORE, Electrolux Home Products, Inc. and Electrolux North America respectfully requests that this Honorable Court exclude evidence, testimony, and reference at trial regarding the closure of the Electrolux Regional Distribution Center.

                                          Respectfully submitted,

                                          **DICKIE, McCAMEY & CHILCOTE, P.C.**

Date: May 13, 2016              By: */s/ Christine L. Line*
                                          Frederick W. Bode, III, Esquire
                                          Attorney I.D. No. 33391
                                          Bryon R. Kaster, Esquire
                                          Attorney I.D. No. 91707
                                          Christine L. Line, Esquire
                                          Attorney I.D. No. 93257
                                          Plaza 21, Suite 302
                                          425 North 21st Street
                                          Camp Hill, PA 17011-2223
                                          717-731-4800
                                          *Attorney for Defendants, Electrolux Home Products, Inc. and Electrolux North America*

# **CERTIFICATE OF SERVICE**

AND NOW, May 13, 2016, I, Christine L. Line, Esquire, hereby certify that I did serve a true and correct copy of the foregoing **Motion *In Limine* To Exclude Evidence, Testimony, And Reference At Trial To The Closure Of The Electrolux Regional Distribution Center** upon all counsel of record by Electronic Filing as follows:

>Richard Jurewicz, Esquire
>rjurewicz@galfandberger.com
>GALFAND BERGER, LLP
>1835 Market Street, Suite 2710
>Philadelphia, PA 19103
>(Plaintiff's Counsel)


Date: May 13, 2016              By:     /s/ Christine L. Line, Esquire


This document has also been electronically filed and is available for viewing and downloading from the ECF system.