**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
CIVIL ACTION DIVISION**

| | |
|---|---|
| **DAVID PASTUSZEK AND BRENDA PASTUSZEK, H/W,** | |
| Plaintiffs, | Civil Action No. 4:14-CV-01051-MEM |
| v. | |
| **ELECTROLUX HOME PRODUCTS, INC. AND ELECTROLUX NORTH AMERICA,** | THE HONORABLE MALACHY E. MANNION |
| Defendants. | ELECTRONICALLY FILED |

**DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE EVIDENCE, TESTIMONY, PHOTOGRAPHS, AND REFERENCE AT TRIAL OF UNRELATED AND IRRELEVANT WAREHOUSE ACTIVITIES**

Defendants hereby move this Honorable Court as follows:

1.     Federal Rule of Evidence 401 provides that "Evidence is relevant if (a) it has a tendency to make a fact more or less probable than it would be

without the evidence; and (b) the fact is of consequence in determining the action." F.R.E. 401.

2. Generally, only relevant evidence is admissible. See F.R.E. 402.

3. Rule 403 permits a court to exclude relevant evidence if the probative value of the evidence is "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Forest v. Beliot Corp., 424 F.3d 344, 355 (3d Cir. 2005) (quoting Fed. R. Evid. 403).

4. It is anticipated that at the trial of this matter Plaintiffs will attempt to introduce into evidence photographs and testimony of activities in the Electrolux Regional Distribution Center (hereinafter "RDC") warehouse, including evidence relating to the stacking of appliances in the warehouse.

5. For the reasons that follow, this evidence and testimony is irrelevant to the issue of whether the trailer Plaintiff was unloading was properly loaded.

6. Under the Federal Rules of Evidence, "all evidence is admissible if it is relevant, i.e., if it tends to make the existence or nonexistence of a disputed material fact more probable than it would be without that evidence." Forest, 424 F.3d at 355; Fed. R. Evid. 401, 402.

7.     The Third Circuit recognizes that "there is a strong presumption that relevant evidence should be admitted;" therefore, the exclusion of relevant of evidence is only justified if the probative value of that evidence is "'substantially outweighed' by the problems in admitting it." Coleman v. Home Depot, Inc., 306 F.3d 1333, 1343-44 (3d Cir. 2002).

8.     It is anticipated that Plaintiffs will attempt to introduce into evidence photographs and testimony regarding warehouse activities at the Electrolux RDC, in particular evidence of what Plaintiffs will assert were "improperly" stacked appliances on the warehouse shelves and floor.

9.     It is anticipated that Plaintiff will attempt to use this evidence to illustrate improper employee training on appliance stacking, a pattern of behavior of improperly stacking appliances, and a nexus between improperly stacked appliances in the warehouse and within the trailer that Plaintiff was unloading.

10.    Preliminarily, this evidence must be excluded from the trial of this matter because of the lack of relevance to the issues within this case.

11.    In this regard, Plaintiff's case centers on whether the subject trailer was loaded improperly.

12.    It was within the Plaintiff's scope of work to frequently come into contact with trailers Defendants' employees loaded.

13. There is no evidence or testimony, however, that would suggest that Plaintiff ever came into contact with or moved appliances within the warehouse.

14. Further, there are no facts or evidence indicating that Plaintiff knew or had reason to know how appliances within the warehouse were to be stacked in order to distinguish between "proper" or "improper" stacking.

15. Indeed, Plaintiff was employed by J.B. Hunt to drive a tractor trailer, not to work within Electrolux's warehouse with Electrolux's merchandise.

16. How Electrolux employees stacked appliances within the warehouse bears no relation to how the appliances were stacked within the trailer Plaintiff was loading.

17. Consequently, there no correlation between appliances stacked in the RDC or the trailer the Plaintiff was unloading, and in the absence of some relationship between the two activities, the evidence is not relevant to the facts at issue in this matter.

18. There is no fact regarding the stacking of appliances within the warehouse that tends to make the existence or nonexistence of whether the trailer was properly loaded more probable than it would be without that evidence. Forest, supra.

19.     Even if this Honorable Court were to find some nexus between the appliances stacked in the Electrolux RDC warehouse and trailers loaded by Electrolux employees, much of this case centers on the application and enforcement of rules and regulations within the Federal Motor Carrier Safety Act (hereinafter "FMCSA") and Regulations.

20.     These rules and regulations have no application to appliances stacked within the RDC.

21.     Accordingly, reference to improperly stacked appliances within the RDC, versus appliances loaded into a tractor trailer, necessarily are governed by different laws, different standards, and different burdens of proof.

22.     The considerations of the FMCSA and regulations given to cargo securement contemplates that the loaded cargo will be in transit, subjected to the physical forces of movement, jarring, and shifting.

23.     None of these factors are present inside a stationary warehouse.

24.     Indeed, Plaintiff's own expert only contemplates the application of the FMCSA and "cargo securement" and does not draw a correlation between warehouse-stacked appliances and appliances loaded into a trailer for transport

25. Further, the FMCSA and regulations require that the driver of a load make routine inspections of that load, where no such correlation exists relating to a driver's duty to inspect items stacked in a warehouse. (See, generally, §392.9 "Inspection of cargo, cargo securement devices and systems")

26. Comingling and comparing these two activities: stacked loads within a trailer and stacked appliances within a warehouse, while seemingly similar, due to the application of different laws would unnecessarily confuse the jury.

27. Finally, introduction of evidence and testimony regarding the manner in which appliances were stacked within the Electrolux RDC is highly prejudicial.

28. The introduction of evidence regarding warehouse stacking creates the potential for jurors to infer that the stacking of appliances within the warehouse is governed by the same standards as those relating to the stacking of appliances within a loaded tractor trailer.

29. Admitting evidence regarding the manner in which warehouse appliances were stacked by Electrolux will unfairly prejudice the Defendant, confuse the issues, and mislead the jury as to how appliances are to be loaded into a trailer for transport.

30. The jury, upon seeing photographs or listening to testimony about warehouse stacking will likely be inclined to make assumptions regarding the whether the subject trailer was properly or improperly loaded.

31. Evidence regarding the stacking of warehouse appliances is likely to cloud the jury's impartial scrutiny and inhibit a fair and neutral application of the law to the facts of this case.

32. Therefore, as Plaintiff's case requires only that he prove that Electrolux improperly loaded the subject trailer, reference to any fact, evidence, or testimony regarding the manner in which the warehouse appliances were stacked should be excluded because the probative value of that evidence is substantially outweighed by the prejudice to Electrolux by admitting it.

## **LR 7.1 CERTIFICATION**

33. Pursuant to Middle District Local Rule 7.1, the undersigned hereby certifies that the concurrence of Plaintiffs' counsel was sought and that it was not given.

WHEREFORE, Electrolux Home Products, Inc. and Electrolux North America respectfully requests that this Honorable Court exclude evidence,

testimony, photographs, and reference at trial regarding the warehouse activities within the Electrolux RDC.

                                                Respectfully submitted,

                                                **DICKIE, McCAMEY & CHILCOTE, P.C.**

Date: May 13, 2016                    By: */s/ Christine L. Line*
                                                  Frederick W. Bode, III, Esquire
                                                  Attorney I.D. No. 33391
                                                Bryon R. Kaster, Esquire
                                                Attorney I.D. No. 91707
                                                Christine L. Line, Esquire
                                                Attorney I.D. No. 93257
                                                Plaza 21, Suite 302
                                                425 North 21st Street
                                                Camp Hill, PA  17011-2223
                                                717-731-4800
                                                *Attorney for Defendants, Electrolux Home Products, Inc. and Electrolux North America*

# **CERTIFICATE OF SERVICE**

AND NOW, May 13, 2016, I, Christine L. Line, Esquire, hereby certify that I did serve a true and correct copy of the foregoing **Motion *In Limine* To Exclude Evidence, Testimony, Photographs, And Reference At Trial Of Unrelated And Irrelevant Warehouse Activities** upon all counsel of record by Electronic Filing as follows:

    Richard Jurewicz, Esquire
    rjurewicz@galfandberger.com
    GALFAND BERGER, LLP
    1835 Market Street, Suite 2710
    Philadelphia, PA 19103
    (Plaintiff's Counsel)


Date: May 13, 2016        By:    <u>/s/ Christine L. Line, Esquire</u>


This document has also been electronically filed and is available for viewing and downloading from the ECF system.