## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
## CIVIL ACTION DIVISION

| | |
|---|---|
| **DAVID PASTUSZEK AND BRENDA PASTUSZEK, H/W,** | |
| Plaintiffs, | Civil Action No. 4:14-CV-01051-MEM |
| v. | |
| **ELECTROLUX HOME PRODUCTS, INC. AND ELECTROLUX NORTH AMERICA,** | THE HONORABLE MALACHY E. MANNION |
| Defendants. | ELECTRONICALLY FILED |

### DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE EVIDENCE, TESTIMONY, AND REFERENCE AT TRIAL TO ELECTROLUX'S EMPLOYMENT OF TEMPORARY WORKERS

Defendants hereby move this Honorable Court as follows:

1. Federal Rule of Evidence 401 provides that "Evidence is relevant if (a) it has a tendency to make a fact more or less probable than it would be

without the evidence; and (b) the fact is of consequence in determining the action." F.R.E. 401.

2. Generally, only relevant evidence is admissible. See F.R.E. 402.

3. Rule 403 permits a court to exclude relevant evidence if the probative value of the evidence is "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Forest v. Beliot Corp., 424 F.3d 344, 355 (3d Cir. 2005) (*quoting* Fed. R. Evid. 403).

4. It is anticipated that the Plaintiffs will attempt to introduce evidence and testimony that Electrolux hired temporary workers to load trailers like the one Plaintiff allegedly sustained injury as a result of unloading. Defendant anticipates that Plaintiffs will attempt to introduce this evidence and testimony for purposes of insinuating that Electrolux utilized untrained or improperly trained temporary workers as a means to saving money.

5. The determination of whether relevant evidence should be excluded is dependent upon a cost/benefit analysis. Forest, 424 F.3d at 355.

6. The Third Circuit recognizes that "there is a strong presumption that relevant evidence should be admitted;" therefore, the exclusion of relevant of evidence is only justified if the probative value of that evidence is

2

"'substantially outweighed' by the problems in admitting it." Coleman v. Home Depot, Inc., 306 F.3d 1333, 1343-44 (3d Cir. 2002).

7. In the matter *sub judice*, it is anticipated that Plaintiff will attempt to introduce evidence that at the time of the incident, Electrolux employed temporary employees for the purposes of loading trailers with appliances.

8. The designation of an employee as "temporary" or "permanent" is irrelevant for the purpose of determining negligence or the existence and/or extent of Plaintiff's injuries.

9. Even if this Court determines that this evidence is relevant, the probative value of this evidence is substantially outweighed by the danger of unfair prejudice.

10. Plaintiff will likely introduce this evidence for the purpose of implying that temporary workers are not as skilled or as well-trained as permanent workers.

11. Testimony regarding the training of temporary employees would ultimately be a moot issue, as temporary workers were trained in the same manner as permanent Electrolux employees.

12. Further illustrating this moot issue is that testimony elicited indicates that a full-time, permanent Elextrolux employee loaded the Plaintiff's trailer; not a temporary employee.

3

13. Accordingly, not only is the issue of Electrolux having hired temporary employees not relevant to the Plaintiff's case, but since the temporary employees received the same training as permanent employees, and a permanent Electrolux employee loaded the subject trailer, any reference to temporary employees is not relevant or applicable to the determination of Plaintiffs' case.

14. This evidence will also induce the jury to make baseless and unfounded inferences and assumptions regarding the issue of negligence.

15. Admitting evidence regarding the type of employees used by Electrolux will unfairly prejudice the Defendant, confuse the issues, and mislead the jury.

16. Evidence regarding the designation of Defendant's employees is likely to cloud the jury's impartial scrutiny and inhibit a fair and neutral application of the law to the facts of this case.

17. Therefore, evidence regarding Electrolux's use of temporary employees at the time of Plaintiff's incident should be excluded because the probative value of that evidence is substantially outweighed by the problems with admitting it.

## **LR 7.1 CERTIFICATION**

18. Pursuant to Middle District Local Rule 7.1, the undersigned hereby certifies that the concurrence of Plaintiffs' counsel was sought and that it was not given.

WHEREFORE, Electrolux Home Products, Inc. and Electrolux North America respectfully requests that this Honorable Court exclude evidence, testimony, and reference at trial regarding Electrolux's employment of temporary workers.

Respectfully submitted,

**DICKIE, McCAMEY & CHILCOTE, P.C.**

Date: May 13, 2016    By: */s/ Christine L. Line*
Frederick W. Bode, III, Esquire
Attorney I.D. No. 33391
Bryon R. Kaster, Esquire
Attorney I.D. No. 91707
Christine L. Line, Esquire
Attorney I.D. No. 93257
Plaza 21, Suite 302
425 North 21st Street
Camp Hill, PA  17011-2223
717-731-4800
*Attorney for Defendants, Electrolux Home Products, Inc. and Electrolux North America*

# CERTIFICATE OF SERVICE

AND NOW, May 13, 2016, I, Christine L. Line, Esquire, hereby certify that I did serve a true and correct copy of the foregoing **Defendants' Motion *In Limine* To Exclude Evidence, Testimony, And Reference At Trial To Electrolux's Employment Of Temporary Workers** upon all counsel of record by Electronic Filing as follows:

>Richard Jurewicz, Esquire
>rjurewicz@galfandberger.com
>GALFAND BERGER, LLP
>1835 Market Street, Suite 2710
>Philadelphia, PA 19103
>(Plaintiff's Counsel)

Date: May 13, 2016              By:     /s/ Christine L. Line, Esquire

This document has also been electronically filed and is available for viewing and downloading from the ECF system.