IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
CIVIL ACTION DIVISION

| | |
|---|---|
| DAVID PASTUSZEK AND BRENDA PASTUSZEK, H/W, | |
| Plaintiffs, | Civil Action No. 4:14-CV-01051-MEM |
| v. | |
| ELECTROLUX HOME PRODUCTS, INC. AND ELECTROLUX NORTH AMERICA, | THE HONORABLE MALACHY E. MANNION |
| Defendants. | ELECTRONICALLY FILED |

**DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE EVIDENCE, TESTIMONY, AND REFERENCE AT TRIAL RELATING TO INADMISSIBLE HEARSAY EVIDENCE AND TESTIMONY**

Defendants hereby move this Honorable Court as follows:

1. "Federal Rule of Evidence 602 governs the scope of a witness's testimony." Knopick v. Downey, 2013 U.S. Dist. LEXIS 64165, *35-36 (M.D. Pa. 2013).

2. Under Rule 602, a witness is permitted to "testify to a matter only if sufficient evidence is introduced to support a finding that the witness has personal knowledge of the matter," which may be proved by the witness's own testimony. Id.; Fed. R. Evid. 602.

3. Although the threshold of admissibility under Rule 602 is low, "this should not extend so far as to allow witness testimony there is merely based on speculation as to what a third party believed or knew. Id.; Sullivan v. Warminster Twp., 461 F. App'x 157, 162 (3d Cir. 2012); Palfrey v. Jefferson-Morgan Sch. Dist., Civ. No. 06-CV-1372, 2008 U.S. Dist. LEXIS 73655, 2008 WL 4412230, *12 (W.D. Pa. Sept. 25, 2008).

4. It is anticipated that at the trial of this matter Plaintiffs will attempt to introduce into evidence testimony and reference to the alleged falling of appliances while Plaintiff was unloading the a trailer, and conclusions as to why the load allegedly fell, including whether it was improperly stacked.

5. Plaintiff is the only witness to his alleged accident.

6. No other individual, whether employed by Electrolux or J.B. Hunt witnessed the subject incident.

7. As testimony and evidence of anyone other than the Plaintiff is based upon inadmissible hearsay, the same must be excluded from the trial of this matter.

8. At the center of Plaintiff's case is an incident report created by J.B. Hunt operations supervisor at the Electrolux Regional Distribution Center (hereinafter "RDC") which attributes the Plaintiff's incident as a "direct result of improper loading by shipper."

9. Mr. Hostetler testified, that he, himself, "never saw inside the trailer."

10. Vincent Messina, Electrolux warehouse supervisor, testified that he only saw the subject trailer after the alleged incident involving the Plaintiff.

11. Testimony of Martin Bzura, Electrolux first shift lead supervisor testified that when Plaintiff's trailer was returned to the RDC, an examination of the contents of the trailer was made and "[a]t that point, there was stuff laying all over the floor that wasn't secured. But I can't say that didn't happen in transit bringing it back, we just saw there was, you know, stuff left."

12. Federal Rule of Evidence 801 defines hearsay as follows:

> (c) Hearsay. "Hearsay" means a statement that:
> (1) the declarant does not make while testifying at the current trial or hearing; and
> (2) a party offers into evidence to prove the truth of the matter asserted in the statement.

F.R.E. 801.

13.     Federal Rule of Evidence 803 offers a number of exceptions to the hearsay rule, none of which are applicable to the above referenced statements.

14.     It is expected that Plaintiff will introduce evidence and testimony regarding the alleged incident, and in particular conclusions regarding whether the appliances loaded within the subject trailer were improperly stacked.

15.     Testimony proffered by those other than Plaintiff, with regard to why the Plaintiff's incident occurred, including opinions that the load Plaintiff was unloading was improperly stacked, must be excluded on the basis that nobody other than the Plaintiff saw the subject load or the incident in question.  Witnesses are not competent to testify as to matters beyond their personal knowledge.

16.     None of the witnesses in this case actually saw the subject trailer and its load before it left the RDC with the Plaintiff.

17.     All of the testimony in this case centers on the load and its condition after it was returned to the RDC after the alleged incident.  Of significance is the incident report that was prepared by Richard Hostetler, which was prepared based upon a telephone conversation with the Plaintiff.

18. Mr. Hostetler testified, unequivocally, that he did not see inside the trailer, even after its return to the RDC.

19. Yet, Hostetler offers conclusions as to why the Plaintiff's incident occurred, having never actually witnessed any portion of the load, either prior to or following the alleged incident.

20. Further, none of the Electrolux employees saw the Plaintiff's trailer prior to it leaving the RDC. In this regard, the subject trailer's contents were only seen after the trailer was returned to the RDC, partially unloaded.

21. The testimony of the Electrolux employees and Mr. Hostetler, on behalf of J. B. Hunt, regarding the cause of the Plaintiff's incident must be considered inadmissible hearsay testimony pursuant to F.R.E. 801, and outside of the witnesses' personal knowledge, pursuant to F.R.E. 602.

22. As stated above, only the Plaintiff saw inside the trailer; only the Plaintiff saw the condition of the load at the time of the incident.

23. As such, all of the evidence and testimony, other than the Plaintiff's, regarding the condition of the load and the cause of the Plaintiff's alleged incident, must be excluded from the trial of this matter.

## **LR 7.1 CERTIFICATION**

24. Pursuant to Middle District Local Rule 7.1, the undersigned hereby certifies that the concurrence of Plaintiffs' counsel was sought and that it was not given.

WHEREFORE, Electrolux Home Products, Inc. and Electrolux North America respectfully requests that this Honorable Court exclude evidence, testimony, and reference at trial to any incident and conclusions derived therefrom not personally observed by the declarant.

        Respectfully submitted,

        **DICKIE, McCAMEY & CHILCOTE, P.C.**

Date: May 13, 2016        By: */s/ Christine L. Line*
        Frederick W. Bode, III, Esquire
        Attorney I.D. No. 33391
        Bryon R. Kaster, Esquire
        Attorney I.D. No. 91707
        Christine L. Line, Esquire
        Attorney I.D. No. 93257
        Plaza 21, Suite 302
        425 North 21st Street
        Camp Hill, PA  17011-2223
        717-731-4800
        *Attorney for Defendants, Electrolux Home Products, Inc. and Electrolux North America*

# **CERTIFICATE OF SERVICE**

AND NOW, May 13, 2016, I, Christine L. Line, Esquire, hereby certify that I did serve a true and correct copy of the foregoing **Defendants' Motion *In Limine* To Exclude Evidence, Testimony, And Reference At Trial Relating To Inadmissible Hearsay Evidence And Testimony** upon all counsel of record by Electronic Filing as follows:

    Richard Jurewicz, Esquire
    rjurewicz@galfandberger.com
    GALFAND BERGER, LLP
    1835 Market Street, Suite 2710
    Philadelphia, PA 19103
    (Plaintiff's Counsel)


Date: May 13, 2016        By:    <u>/s/ Christine L. Line, Esquire</u>


This document has also been electronically filed and is available for viewing and downloading from the ECF system.