IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
CIVIL ACTION DIVISION

| | |
|---|---|
| **DAVID PASTUSZEK AND BRENDA PASTUSZEK, H/W,** | |
| Plaintiffs, | Civil Action No. 4:14-CV-01051-MEM |
| v. | |
| **ELECTROLUX HOME PRODUCTS, INC. AND ELECTROLUX NORTH AMERICA,** | THE HONORABLE MALACHY E. MANNION |
| Defendants. | ELECTRONICALLY FILED |

## DEFENDANTS' PRETRIAL MEMORANDUM

Defendants submit the following pretrial memorandum in accordance with the applicable rules of civil procedure:

**Date conference was held by counsel:**

The conference of attorneys required by LR 16.3(b) was conducted on May 18, 2016.

**A.    A brief statement as to federal court jurisdiction.**

This Court has jurisdiction over this matter pursuant to 28 U.S.C.A. §1332 because complete diversity of citizenship exists between Plaintiffs and Defendants and the amount in controversy set forth in the Complaint exceeds $75,000.00, exclusive of interests and costs.

1

**B.     A summary statement of facts and contentions as to liability.**

   **1.     Summary Statement of Facts**

In August of 2013, Defendants held a transporter-hauling agreement with J.B. Hunt Transportation, with whom Plaintiff, David Pastuszek, was employed as a local driver.

On August 27, 2013, Plaintiff was assigned a trailer for delivery to several locations, the first of which was at a Home Depot in Allentown, Pennsylvania. The trailer had been loaded with appliances by Defendants' employee, Jim Schwalm, but it was not sealed when Plaintiff picked up the trailer. According to J.B. Hunt's Driver's Manual, Plaintiff had the duty to inspect the trailer upon picking it up. Plaintiff, however, did not check the load or open the trailer door.

The load appeared in good order when Plaintiff arrived at the Home Depot and opened the trailer door. No appliances fell on him when the trailer was opened. Plaintiff removed thirteen appliances with a hand truck with no appliances falling. While unloading the last appliance for the first stop (a refrigerator) from the trailer, Plaintiff turned his back on the remaining stack and, according to Plaintiffs' Complaint, "Plaintiff was struck in the head, neck, shoulder and back by commercial ovens containing [sic] corrugated boxes that were not secured and had been improperly stacked on top of a front end

washing machine causing Plaintiff to be knocked to the ground." Plaintiff's accounts of the incident, however, including what exactly fell on him and how the appliances were stacked, have been inconsistent. Furthermore, Plaintiffs have come forward with no witnesses to the alleged incident.

After the alleged incident, Plaintiff finished his delivery for the first stop, secured the remaining load with logistic straps, and drove approximately two miles to Sears, the location of his second stop. Sears refused the load (for reasons irrelevant to this lawsuit), and Plaintiff drove back to Defendants' distribution center in Pottsville, approximately an hour and fifteen minutes away.

### 2. Contentions as to Liability

Plaintiffs have asserted that Defendants negligently loaded the trailer; failed to properly secure the load; failed to utilize disposal air dunnage, bracing, securing and packaging equipment; and failed to insure that the load was safe for transport.

Defendants dispute each of these contentions, and, instead, assert that, if the alleged incident did occur, it was the result of Plaintiff not performing a reasonable inspection of his cargo when he picked up the trailer or at his first stop during unloading, the actions and / or inactions of Plaintiff while

3

unloading the trailer, and Plaintiff turning his back to the appliances when he was in an area of danger of falling cargo.

## C. A comprehensive statement of undisputed facts.

1. On August 27, 2013 Plaintiff David Pastuszek was employed by J.B. Hunt as a day cab driver also known as a local driver.

2. Plaintiff David Pastuszek's date of birth is August 25, 1962 and at the time of his accident was 51 years of age.

3. In 2013 Defendant Electrolux was in the business of manufacturing and selling major appliances such as home appliances that included refrigerators, washers, dryers, stoves and microwaves.

4. In 2013 Defendant Electrolux had a Regional Distribution Center located in Pottsville, Pennsylvania.

5. In August 2013 David M. Bayer was employed with Defendant Electrolux as its General Manager for the Pottsville Regional Distribution Center.

6. In August 2013 Vince Messina was the warehouse supervisor who worked on the first shift for Defendant Electrolux.

7. In August 2013 the First Shift Leader for Defendant Electrolux Pottsville Regional Distribution Center was Marty Bursa.

8. In August 2013 Mark Macaluso was employed by Defendant as its 2nd Shift Lead Person at the Pottsville Regional Distribution Center.

9. In August 2013, the van trailer in question was loaded by 2nd shift employees of Defendant Electrolux Pottsville Regional Distribution Center.

10. In August 2013 there existed a Dedicated Contract Services Carrier Agreement between Defendant and J.B. Hunt Transport, Inc. whereby J.B. Hunt agreed to transport Defendant's freight to customers of Defendant as set forth in a Bill of Lading for each shipment.

11. In August 2013 J.B. Hunt employees, including the Plaintiff, were not involved in the 2nd shift loading of any of Defendant's merchandise in the commercial trailers.

12. In August 2013 Defendant Electrolux had a Standard Operating Procedure entitled "Always and Never Product Handling Guidelines."

13. Defendant Electrolux's Standard Operating Procedure applied to the merchandise being loaded by Defendant's employees into commercial trailers at its Pottsville Regional Distribution Center location.

14. It was the expectation of Defendant that its employees were to load trailers at the Pottsville Regional Distribution Center location consistent with the guidelines set forth in its Standard Operating Procedure.

15. Defendant's Standard Operating Procedure 6.3 that was applicable in August 2013 provided, "Never stack a larger footprint on a smaller footprint. A heavy unit should never be placed on top of a lighter."

16. For the trailer full of appliances that Plaintiff was assigned to transport on the morning of his accident there were 4 designated stops or deliveries.

17. For the trailer that Plaintiff was driving on the morning of the accident, there were four Bills of Lading numbered 4979159. One Bill of Lading was identified in its "Special Instructions" section as "This is Stop 01 of a 04 Part Stop." Another of the Bill of Lading read, "Stop 02 of a 04 Part Stop." On the third Bill of Lading it read,

"This is Stop 03 of a 04 Part Stop." On the fourth Bill of Lading it read, "This is Stop 04 of a 04 Part Stop."

18. For Plaintiff's 2nd delivery stop (Stop 02 of a 04 part Stop) there were six appliances for that stop that included one electric range weighing 225 lbs.; three refrigerators two of which weighed 140 lbs. and the other which weighed 300 lbs.; one portable baking oven weighing 216 lbs. and a household washer that weighed 247 lbs.

19. In August 2013, Plaintiff's average weekly wage driving for J.B. Hunt Transport, Inc. was $1,388.04.

20. Plaintiff David Pastuszek has incurred $150,637.90 in medical expenses for medical treatment he claims was necessary to treat him for the injuries he suffered in his accident of August 27, 2013. Defendant does not contest the amount of medical charges just whether they are in fact related to the injuries Plaintiff-Husband claims to have suffered in the accident which gives rise to this lawsuit.

### D. A brief description of damages.

Plaintiffs allege that Mr. Pastuszek suffered the following injuries:

> Lumbar herniated discs and annular tears and levels L2-L3, L3-L4, L4-5 and L5-S1; lumbar radiculopathy; neurological numbness, tingling and weakness; contusions, bruising and spasms of the neck, mid and lower back and; head and left hip contusions and bruising; lumbar strain, mechanical low back pain; left sciatica and other injuries, the full extent of which are not yet known but believed to be permanent in nature.

Plaintiffs further allege a loss of earnings and a diminished earning capacity, as well as past, present and future hospital and rehabilitative treatment expenses. Brenda Pastuszek alleges a loss of consortium claim.

Defendants dispute that Plaintiffs have suffered any damages.

**E.     Names and addresses of witnesses.**

    **1.     FACT WITNESSES**

        a.     David Bayer, c/o Electrolux, 50 South Main Street, Naperville, Illinois;

        b.     Vincent Messina, 400 Main Street, Ringtown, PA; and

        c.     Martin Bzura, 622 West Main Street, Shenandoah, PA.

    **2.     EXPERT WITNESSES**

        a.     Robert Reed, liability expert, 4475 Beacon Hill Road, Columbus, Ohio – a copy of Mr. Reed's CV setting forth his specialties and qualifications is attached hereto as **Exhibit A**;

        b.     Michael Smychynsky, vocational consulting and forensic economist, P.O. Box 6616, Wyomissing, PA – a copy of Mr. Smychynsky's CV setting forth his specialties and qualifications is attached hereto as **Exhibit B**; and

      c.      Gene Salkind, M.D., F.A.C.S., neurosurgeon, 727 Welsh Road, Suite 108, Huntington Valley, PA – a copy of Dr. Salkind's CV setting forth his specialties and qualifications is attached hereto as **Exhibit C**;

**F.**    **Summary of testimony of each expert witness.**

    1.    Mr. Reed will testify:

        a.    that David Pastuszek did not perform a reasonable inspection of his cargo when picked up or at his first stop during unloading;

        b.    that David Pastuszek should have not turned his back to the appliances when he was in an area of danger of falling cargo;

        c.    that the alleged defect in the cargo was not latent to David Pastuszek;

        d.    that this incident was not caused by a failure of Electrolux to properly secure the cargo; and

        e.    that opinions a, b, and c, above, were causal factors of the cargo falling incident.

A copy of Mr. Reed's report is attached hereto as **Exhibit D**.

    2.    Mr. Smychynsky will testify that, if it were determined that Mr. Pastuszek's current physical status was solely a result of the reported incident of August 27, 2013, it would be his opinion based on the reports and opinions offered by his treating providers that Mr. Pastuszek would incur some degree of economic loss. However, as providers have indicated that Mr. Pastuszek could work in some alternative capacity, it would be most reasonable that vocational economic loss would start at zero/no loss - if the opinions of Dr. Salkind are accepted. If the opinions of other identified providers are accepted, economic

variance would be offset, given Mr. Pastuszek's ability to engage alternative employment at a reduced level of physical demand. A copy of Mr. Smychynsky's report is attached hereto as **Exhibit E**.

3. Dr. Salkind will testify that, as a result of the work-related incident, at most Mr. Pastuszek sustained a lumbar sprain and strain. Dr. Salkind will further testify that Mr. Pastuszek's ongoing complaints are due to his preexisting, unrelated lumbar degenerative disc disease. Dr. Salkind will testify that Mr. Pastuszek requires no further treatment with respect to his alleged work injury, and that Mr. Pastuszek may return to his pre-injury position without any restriction. A copy of Dr. Salkind's reports are attached hereto as **Exhibit F**.

**G. Special comment about pleadings and discovery, including depositions and exchange of medical reports.**

None.

**H. A summary of legal issues involved and legal authorities relied upon.**

Defendants are aware of no legal issues involved in this matter, other than those issues raised in the pending motions *in limine*.

**I. Stipulations desired.**

The parties have stipulated to the authenticity of each exhibit referred to in Defendant's exhibit list. The parties have also stipulated to each and every fact set forth in section C, above.

**J. Estimated number of trial days.**

The parties anticipate that the trial will require no more than 5 days.

variance would be offset, given Mr. Pastuszek's ability to engage alternative employment at a reduced level of physical demand. A copy of Mr. Smychynsky's report is attached hereto as **Exhibit E**.

3. Dr. Salkind will testify that, as a result of the work-related incident, at most Mr. Pastuszek sustained a lumbar sprain and strain. Dr. Salkind will further testify that Mr. Pastuszek's ongoing complaints are due to his preexisting, unrelated lumbar degenerative disc disease. Dr. Salkind will testify that Mr. Pastuszek requires no further treatment with respect to his alleged work injury, and that Mr. Pastuszek may return to his pre-injury position without any restriction. A copy of Dr. Salkind's reports are attached hereto as **Exhibit F**.

**G. Special comment about pleadings and discovery, including depositions and exchange of medical reports.**

None.

**H. A summary of legal issues involved and legal authorities relied upon.**

Defendants are aware of no legal issues involved in this matter, other than those issues raised in the pending motions *in limine*.

**I. Stipulations desired.**

The parties have stipulated to the authenticity of each exhibit referred to in Defendant's exhibit list. The parties have also stipulated to each and every fact set forth in section C, above.

**J. Estimated number of trial days.**

The parties anticipate that the trial will require no more than 5 days.

**K.     Any other matter pertinent to the case to be tried.**

Both parties have filed motions *in limine*, the disposition of which will greatly impact the presentation of evidence during the trial.

**L.     Defendants' prenumbered schedule of exhibits is appended hereto as Exhibit G.**

**M.     Defendants' special verdict questions are appended hereto as Exhibit H.**

**N.     Defense counsel hereby certifies that the person with settlement authority has been notified of the requirement of and possible sanctions under Local Rule 16.2.**

**O.     Defendants do not intend to use any oral or videotape depositions at trial.**

                                       Respectfully submitted,

                                       **DICKIE, McCAMEY & CHILCOTE, P.C.**

Date: May 27, 2016                  By: */s/ Bryon R. Kaster*
                                                  Frederick W. Bode, III, Esquire
                                                  Attorney I.D. No. 33391
                                                  Bryon R. Kaster, Esquire
                                                  Attorney I.D. No. 91707
                                                  Christine L. Line, Esquire
                                                  Attorney I.D. No. 93257
                                                  Plaza 21, Suite 302
                                                  425 North 21st Street
                                                  Camp Hill, PA  17011-2223
                                                  717-731-4800