**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**
**CIVIL DIVISION**

| | | |
|---|---|---|
| DAVID PASTUSZEK and | : | |
| BRENDA PASTUSZEK, h/w | : | JURY TRIAL DEMANDED |
| | : | |
| Plaintiffs | : | |
| vs. | : | |
| | : | CIVIL ACTION NO. 4:14-cv-01051-MEM |
| ELECTROLUX HOME PRODUCTS, INC. | : | |
| and | : | |
| ELECTROLUX NORTH AMERICA | : | HONORABLE MALACHY E. MANNION |
| Defendants | : | |

### PLAINTIFFS DAVID AND BRENDA PASTUSZEK, H'W'S PRETRIAL MEMORANDUM PURSUANT TO MIDDLE DISTRICT LOCAL RULE 16.3(b)

Date of Conference: May 18, 2016 @ 10:00 a.m.

**A.    BRIEF STATEMENT AS TO FEDERAL COURT JURISDICTION**

Diversity of Citizenship.

**B.    SUMMARY STATEMENT OF FACTS AND CONTENTIONS AS TO LIABILITY**

This diversity personal injury negligence action arises out of an accident that occurred on August 27, 2013.

Plaintiff worked as a local driver for J.B. Hunt, a commercial transportation carrier. J.B. Hunt had a dedicated service contract with Defendant Electrolux, which is a large retail appliance distributor. Defendant Electrolux had a regional distribution center located in Pottsville, Pennsylvania.

In accordance with the contractual agreement between Defendant and Plaintiff's employer, Defendant's employees were responsible for loading and securing commercial trailers full of appliances destine for shipment. A Defendant Electrolux yard jockey would then transport any loaded trailers to a staging area, which would normally be scheduled for delivery the following day.

On the morning of Plaintiff's accident, he received his delivery assignment (Bill of Lading) and hooked up his J.B. Hunt tractor to a free standing trailer in the staging area, which had been located by Defendant's employees the day before. Defendant's employees had placed a seal (lock) on the trailer doors.

Plaintiff was transporting a four stop load on the day of his accident. His accident occurred at the end of his first stop. He was in the process of removing the last appliance,

which was a large refrigerator and as he got his hand dolley under the refrigerator and began to rotate it, several improperly stacked appliances that were part of the second stop toppled over striking Plaintiff in his torso injuring him.

Plaintiff's accident was investigated by his employer in conjunction with Defendant Electrolux Warehouse Supervisor Vincent Messina.

As reported in J.B. Hunt's Injury Investigation Report:

| What caused injury (i.e. slippery surface, faulty equipment, etc.) | AFTER TALKING WITH DRIVER AND WAREHOUSE SUPERVISOR AT RDC THIS WAS A DIRECT RESULT OF IMPROPER LOADING BY SHIPPER. THERE IS NO WAY TO KNOW WHEN A BOX IS GOING TO COLLAPSE FROM WEIGHT AND FALL ON DRIVER!  THIS CAN HAPPEN AT ANY TIME WITH NO WARNING! |
|---|---|
| Factors that contributed to the incident: | Improper loading by shipper as box had crush damage that in turn led to appliances falling on driver after he moved refrigerator which was hold them up from falling. |

As such, based on the irrefutable evidence in this case, Plaintiffs view this trial as primarily one of assessment of damages.

## C.   STATEMENT OF UNDISPUTED FACTS AS AGREED BY COUNSEL

1.  On August 27, 2013 Plaintiff David Pastuszek was employed by J.B. Hunt as a day cab driver also known as a local driver.

2.  Plaintiff David Pastuszek's date of birth is August 25, 1962 and at the time of his accident was 51 years of age.

3.  In 2013 Defendant Electrolux was in the business of manufacturing and selling major appliances such as home appliances that included refrigerators, washers, dryers, stoves and microwaves.

4.  In 2013 Defendant Electrolux had a Regional Distribution Center located in Pottsville, Pennsylvania.

5.  In August 2013 David M. Bayer was employed with Defendant Electrolux as its General Manager for the Pottsville Regional Distribution Center.

6.  In August 2013 Vince Messina was the warehouse supervisor who worked on the first shift for Defendant Electrolux.

7.  In August 2013 the First Shift Leader for Defendant Electrolux Pottsville Regional Distribution Center was Martin Bzura.

8.  In August 2013 Mark Macaluso was employed by Defendant as its 2nd Shift Lead Person at the Pottsville Regional Distribution Center.

9.  In August 2013, the van trailer in question was loaded by 2nd shift employees of Defendant Electrolux Pottsville Regional Distribution Center.

10. In August 2013 there existed a Dedicated Contract Services Carrier Agreement between Defendant and J.B. Hunt Transport, Inc. whereby J.B. Hunt agreed to transport Defendant's freight to customers of Defendant as set forth in a Bill of Lading for each shipment.

11. In August 2013 J.B. Hunt employees, including the Plaintiff, were not involved in the 2nd shift loading of any of Defendant's merchandise in the commercial trailers.

12. In August 2013 Defendant Electrolux had a Standard Operating Procedure entitled "Always and Never Product Handling Guidelines."

13. Defendant Electrolux's Standard Operating Procedure applied to the merchandise being loaded by Defendant's employees into commercial trailers at its Pottsville Regional Distribution Center location.

14. It was the expectation of Defendant that its employees were to load trailers at the Pottsville Regional Distribution Center location consistent with the guidelines set forth in its Standard Operating Procedure.

15. Defendant's Standard Operating Procedure 6.3 that was applicable in August 2013 provided, "Never stack a larger footprint on a smaller footprint. A heavy unit should never be placed on top of a lighter."

16. For the trailer full of appliances that Plaintiff was assigned to transport on the morning of his accident there were 4 designated stops or deliveries.

17. For the trailer that Plaintiff was driving on the morning of the accident, there were four Bills of Lading numbered 4979159. One Bill of Lading was identified in its "Special Instructions" section as "This is Stop 01 of a 04 Part Stop." Another of the Bill of Lading read, "Stop 02 of a 04 Part Stop." On the third Bill of Lading it read, "This is Stop 03 of a 04 Part Stop." On the fourth Bill of Lading it read, "This is Stop 04 of a 04 Part Stop."

18. For Plaintiff's 2nd delivery stop (Stop 02 of a 04 part Stop) there were six appliances for that stop that included one electric range weighing 225 lbs.; three refrigerators two of which weighed 140 lbs. and the other which weighed 300 lbs.; one portable baking oven weighing 216 lbs. and a household washer that weighed 247 lbs.

19. In August 2013, Plaintiff's average weekly wage driving for J.B. Hunt Transport, Inc. was $1,388.04.

20. Plaintiff David Pastuszek has incurred $150,637.90 in medical expenses for medical treatment he claims was necessary to treat him for the injuries he suffered in his accident of August 27, 2013. Defendant does not contest the amount of medical charges just whether they are in fact related to the injuries Plaintiff-Husband claims to have suffered in the accident which gives rise to this lawsuit.

## D.    BRIEF DESCRIPTION OF DAMAGES

### (1)    PLAINTIFF-HUSBAND'S INJURIES:

- Permanent lumbar radiculopathy in the left L5 and S1 nerve root distributions;
- Permanent chronic sciatica (radiating pain down left leg and into foot);
- Serious bilateral L4-5 neural foraminal compromise and associated L4-5 radiculopathy based on L4-5 disc herniation - (Exhibit 13);
- Recurrent L4-5 disc herniation;
- Partial L5-S1 disc herniation with lumbar radiculopathy;
- Chronic L5 and S1 radiculopathy on the left with denervation - (Exhibit 14);
- Annular tear of L2-L3;
- Permanent left foot numbness;
- Contusion of the chest wall and left scapula;
- Unsteady gait; and
- Strain of the left hip.

### (2)    HOSPITALIZATION:
Inpatient admission at Geisinger Medical Center 4/8/15 – 4/10/15 for Operative Procedures: surgical procedures: Left L4-5 hemilaminectomy with decompressive foraminotomies, decompression of L4-L5 exiting nerve roots (Shelly Timmons, M.D.)

7/3/14 – 7/5/14 Geisinger Medical Center Emergency room and Inpatient admission for D&I Lumbar Surgical Wound (Shelly Diane Timmons, M.D.).

### (3)    PRESENT DISABILITY:

Ongoing and unresolved radiating low back pain and paresthesias with numbness into leg

### (4)    MONETARY DAMAGES:

Past medical expenses: $150,637.90 as of 2/23/16 paid by AIG Global Recovery Services.

Past loss of earnings:  $185,997.36 as of 3/22/16.

Future loss of earnings: are a minimum of approximately $1,123,550.00.  (See expert report of Sean C. Hanahue, MA, CDMS, CRC, BCPC, ABVE.

**(5)    ESTIMATED VALUE OF PAIN AND SUFFERING:**

Unknown.  For jury to assess and evaluate.

**(6)    SPECIAL DAMAGES:**  Non-economical damages for pain and suffering, loss of life's pleasures and loss of consortium.

**E.    PLAINTIFFS' WITNESS LIST**

1.    David Pastuszek, 100 Clark Road, Sunbury, Pa.  17801

2.    Brenda Pastuszek, 100 Clark Road, Sunbury, Pa.  17801

3.    David W. Bayer, c/o Electrolux, 50 South Main Street, Naperville, Illinois 60540

4.    Vincent M. Messina, 400 Main Street, Ringtown, PA

5.    Richard Lee Hostetler, 45 Witman Drive, Breinigsville, PA  18031

6.    Mark Macaluso, 418 East Pine Street, Mahanoy, PA 17948

7.    Martin C. Bzura, 622 West Main Street, Shenandoah, PA  17976

8.    George Shreeves 20 B Little Mountain Road Jonestown, Pa 17038

9.    Leonard A. Bruno, M.D., 3501 Masons Mill Road, Suite 501, Huntingdon Valley, PA  19006.  Dr. Bruno is an expert in the field of neurosurgery.  See reports dated September 9 2015 and March 15, 2015.

10.   Bruce H. Levin, M.D., 3 North 2nd Street, Suite 3, Philadelphia, PA  19106.  Dr. Levin is an expert in pain management.  See report dated December 29, 2016.

11.   Michael J. Dunigan, D.C., Shamokin Dam Health Center, 3166 North Old Trail, Shamokin Dam, PA  17876.  Dr. Dunigan specializes in chiropractic care.  See report dated January 7, 2015.

12.   Michael K. Napier, Sr., 530 Forest Hill Road, Suite D, Macon, GA  31210.  Mr. Napier is an expert in the field of industry standards of care applicable to the trucking and commercial motor vehicle industry.  See Report dated July 21, 2015.

13.   Sean C. Hanahue, MA, CDMS, CRC, BCPC, ABVE, 925 Northern Boulevard, Suite 200, Clarks Summit, PA  18411.  Mr. Hanahue is a vocational expert.  See Report dated May 30, 2015.

14.  Dr James McInerney Penn State Hershey Medical Center 500 University Drive Hershey, Pa 17033

15.  Russell Leshinski, Pa-C Work Place Health 521 N Franklin Street Shamokin, Pa. 17872

16.  Dave Hoy, MS, PT Phoenix PT 541 N Franklin Street, Suite 1 Shamokin, Pa 17872-6754

17.  Custodian of records of Geisinger Medical Center, 100 N. Academy Avenue, Danville, PA 17822

18.  Custodian of records of Shelly D. Timmons, M.D., 100 N. Academy Avenue, Danville, PA 17822

19.  Custodian of records of WorkPlace Health Shamokin, 521 N. Franklin Street, Shamokin, PA 17872

20.  Custodian of Records of Phoenix Rehabilitation, 541 North Franklin Street, Suite 1, Shamokin, PA 17872

21.  Custodian of Records of Sun Orthopedic – Lewisburg, 900 Buffalo Road, Lewisburg, PA 17837

22.  Records custodian of Sunbury Community Hospital, 350 N. Eleventh Street, Sunbury, PA 17801

23.  Custodian of records of Bruce H. Levin, M.D./Pennsylvania Spine and Headache Center, 3 N. 2nd Street, Philadelphia, PA 19106

24.  Custodian of records of Evangelical Community Hospital, 1 Hospital Drive, Lewisburg, PA 17837

25.  Custodian of records of Advantec Medical Supplies, 39 Castleton Lane, Morristown, NJ 08057

26.  Custodian of records of Penn State Hershey Medical Center, 500 University Drive, Hershey, PA 17033

27.  Custodian of records of James McInerney, M.D./Penn State Milton S. Hershey Medical Center, P.O. Box 850, Hershey, PA 17033

## F.   SUMMARY OF TESTIMONY OF EACH EXPERT WITNESS

1.  Leonard A. Bruno, M.D., 3501 Masons Mill Road, Suite 501, Huntingdon Valley, PA 19006. Dr. Bruno is an expert in the field of neurosurgery. Dr. Bruno will

testify in accordance with his reports date September 9 2015 and March 15, 2015 attached as Exhibit "B ".

2.      Bruce H. Levin, M.D., 3 North 2nd Street, Suite 3, Philadelphia, PA 19106.  Dr. Levin is an expert in pain management and will testify in accordance with his report dated December 29, 2016 attached as Exhibit "C"

3.      Michael J. Dunigan, D.C., Shamokin Dam Health Center, 3166 North Old Trail, Shamokin Dam, PA 17876.  Dr. Dunigan specializes in chiropractic care and will testify in accordance with his report dated January 7, 2015 attached as Exhibit "D".

4.      Michael K. Napier, Sr., 530 Forest Hill Road, Suite D, Macon, GA 31210.  Mr. Napier is an expert in the field of industry standards of care applicable to the trucking and commercial motor vehicle industry and will testify in accordance with his report dated July 21, 2015 attached as Exhibit "E" .

5.      Sean C. Hanahue, MA, CDMS, CRC, BCPC, ABVE, 925 Northern Boulevard, Suite 200, Clarks Summit, PA 18411.  Mr. Hanahue is a vocational expert and will testify in accordance with his report dated May 30, 2015 attached as Exhibit "A".

G.      **SPECIAL COMMENT ABOUT PLEADINGS/DISCOVERY/DEPOSITIONS/MEDICAL REPORTS**

None.

H.      **SUMMARY OF LEGAL ISSUES AND AUTHORITIES**

1)      Did Defendant exercise ordinary care under the circumstances in properly loading and securing the appliances on the trailer tendered to Plaintiff's employer for delivery?  Materna v. Pa.R.R. Co, 358 Pa. 149, 56 A.2d 233 (PA. 1948).

2)      Whether Defendant is liable under Restatement of Torts (Second) Section 388 in tendering a loaded trailer to Plaintiff, which Defendant knew or had reason to know was unsafe for transport?  Binder v. Jones & Laughlin Steel Corp, 520 A2d 863 (Pa. Super Ct. 390 (1987).

3)      Whether Defendant failed to properly load and secure the merchandise on the trailer tendered to Plaintiff's employer in accordance with its internal Standard Operating Procedures?

I.      **STIPULATIONS DESIRED**

Authenticity of records produced during discovery by the parties.

J.      **ESTIMATED NUMBER OF TRIAL DAYS**

Four (4) days.

**K.**     **OTHER MATTERS PERTINENT TO THE CASE**

None at this time.

**L.**     **LIST OF EXHIBITS**

<u>See</u> List of Exhibits (pursuant to Local Rule 16.3) attached as Exhibit "F".

**M.**     **SPECIAL VERDICT QUESTIONS**

<u>See</u> Exhibit "G ".

**N.**     **CERTIFICATE UNDER LOCAL RULE 30.10**

<u>See</u> Certification attached as Exhibit "H".

Respectfully submitted,

**GALFAND BERGER, LLP**

BY: _____

RICHARD M. JUREWICZ, ESQUIRE
Attorney for Plaintiffs
Attorney I.D. No.: 39436
1835 Market Street, Suite 2710
Philadelphia, PA  19103
215-665-6829
rjurewicz@galfandberger.com

Dated: ___5/25/16___

8